FILED

January 20, 2017

TN COURT OF
WORKERS'
COMPENSATION
CLAIMS

Time: 2:55 PM



## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT MEMPHIS

| | |
|---|---|
| YONGAN LI, | ) Docket No.: 2015-08-0175 |
| Employee, | ) |
| v. | ) |
| HTI TECHNOLOGY & | ) State File No.: 85834 2014 |
| INDUSTRIES, LLC, | ) |
| Employer, | ) |
| And | ) |
| MIDDLESEX INSURANCE CO., | ) Judge Allen Phillips |
| Insurance Carrier. | ) |

## COMPENSATION ORDER GRANTING EMPLOYER'S MOTION FOR SUMMARY JUDGMENT

This matter came before the undersigned Workers' Compensation Judge on January 9, 2017, upon HTI Technology and Industries, LLC's (HTI's) Motion for Summary Judgment filed pursuant to Tennessee Rule of Civil Procedure 56. HTI filed a Statement of Undisputed Facts and Memorandum of Law in support of its motion. Mr. Li did not file a response to the motion.

The central legal issue is whether HTI demonstrated to the Court that Mr. Li's evidence is sufficient to establish the essential elements of his claim at this summary judgment stage of the case. For the following reasons, the Court finds HTI has shown Mr. Li's evidence is insufficient to establish the essential elements of his claim and, accordingly, holds it is entitled to summary judgment.

### Procedural History

Mr. Li filed a Petition for Benefit Determination for an alleged hernia injury. When the parties did not resolve the disputed issues through mediation, the mediating specialist filed a Dispute Certification Notice. Mr. Li failed to file a Request for Hearing

1

within sixty days of the issuance of the DCN, and the Court set the matter for a Show Cause Hearing. At the Show Cause Hearing, the Court found Mr. Li provided sufficient explanation to allow his case to continue without dismissal and ordered him to file a hearing request by a day certain. Mr. Li filed a Request for Initial Hearing, and the Court entered an Initial Hearing Order on January 29, 2016. The Court notes that attorney Mark Lambert represented Mr. Li until Mr. Lambert's withdrawal on September 26, 2016.

On October 25, 2016, HTI filed this Motion for Summary Judgment with the required supporting Statement of Undisputed Material Facts in accord with Tennessee Rule of Civil Procedure 56. Mr. Li did not file a response as required by Rule 56.

The Court conducted a hearing on HTI's motion on January 9, 2017. Mr. Li asked the Court to continue the matter to allow him "to get an attorney." The Court denied the request and noted that, during an October 24, 2016 Status Conference, Judge Umsted continued this case at the time of transfer of the case to the undersigned. The Court further noted that, at the October 24 hearing, HTI advised the Court and Mr. Li of the impending summary judgment motion and, at that time, Mr. Li stated he "may retain an attorney." *See* "Order of Continuance" (October 24, 2016).

After denial of his continuance request, Mr. Li asked to "withdraw" his claim. The Court inquired if he were referring to a non-suit, at which point HTI objected pursuant to Tennessee Rule of Civil Procedure 41.01(1) to a non-suit taken while a summary judgment was pending. Mr. Li then elected to proceed and presented argument on his own behalf.

*Analysis*

Motions for summary judgment are controlled by Tennessee Rule of Civil Procedure 56 and Tennessee Code Annotated section 20-16-101 (2016). *Payne v. D and D Elec.*, No. 2014-01-0023, 2016 TN Wrk. Comp. App. Bd. LEXIS 21, at *7-8 (Tenn. Workers' Comp. App. Bd. May 4, 2016). Specifically, Rule 56.06 provides that if a motion for summary judgment is properly made and supported, "an adverse party may not rest on mere allegations or denials of the adverse party's pleadings, but his or her response, by affidavits or as otherwise provided in [the] rule, must set forth specific facts showing that there is a genuine issue for trial." *Id.* Moreover, "[i]f the adverse party does not so respond, summary judgment, *if appropriate*, shall be entered against the adverse party." *Id.* (Emphasis added).

Because a summary judgment motion is potentially dispositive, the Court must also consider Rule 4.01B. of the Practices and Procedures of this Court. That rule provides:

2

If a dispositive motion is opposed, a response to the motion must be filed and served on all parties or their counsel, on or before thirty calendar days after the filing of the dispositive motion. The response shall be in writing and shall state with particularity the grounds for the opposition. If no opposition is filed, the dispositive motion will be considered unopposed.

In this case, Mr. Li did not file a response to HTI's motion. Thus, under the Court's own Rule 4.01B., this Court must consider HTI's motion unopposed. So considered, the Court turns to the issue of whether, under Rule 56.06, entry of summary judgment is "appropriate." *See* Tenn. R. Civ. Pro. 56.06 (2016).

In determining whether summary judgment is appropriate, the Court must apply the following standard of Tennessee Code Annotated section 20-16-101:

In motions for summary judgment in any civil action in Tennessee, the moving party who does not bear the burden of proof at trial shall prevail on its motion for summary judgment if it:

(1) Submits affirmative evidence that negates an essential element of the nonmoving party's claim; or,

(2) Demonstrates to the court that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim.

*Payne*, at *8, *quoting* Tenn. Code Ann. § 20-16-101 (2016).

In this case, Mr. Li alleged a hernia injury. Accordingly, he "must definitely [prove] to the satisfaction of the court" that:

(1) There was an injury resulting in hernia or rupture;
(2) The hernia or rupture appeared suddenly;
(3) It was accompanied by pain;
(4) The hernia or rupture immediately followed the accident; and
(5) The hernia or rupture did not exist prior to the accident for which compensation is claimed.

Tenn. Code Ann. § 50-6-212(a) (2016).

Moreover, any hernia meeting the above criteria must arise "primarily out of and in the course and scope of the employment." Tenn. Code Ann. § 50-6-212(b) (2016). "Arising primarily out of and in the course and scope of employment" requires a showing, to a reasonable degree of medical certainty, that the employment causing disablement or the needs for medical treatment contributed more than 50% considering

3

all causes. Tenn. Code Ann. § 50-6-102(14)(C) (2016). "Shown to a reasonable degree of medical certainty" means that, in the opinion of the treating physician, it is more likely than not considering all causes. Tenn. Code Ann. § 50-6-102(14)(D) (2016).

To demonstrate the insufficiency of Mr. Li's evidence to support his hernia claim, HTI set forth the following undisputed facts:

- Mr. Li alleged bilateral hernias when lifting a truck bed cover (citing the First Report of Work Injury);
- Mr. Li did not report feeling any pain or noticing the appearance of a bulge immediately following the activity (citing Mr. Li's recorded statement taken by HTI);
- Mr. Li did not feel pain or notice the appearance of a bulge until several days after the alleged date of injury (citing Mr. Li's recorded statement taken by HTI);
- Mr. Li reported to his treating physician that he first felt pain one week earlier, which would have been nine days after the alleged injury (citing medical records filed with the Bureau);
- Mr. Li denied any trauma when describing his condition to the treating physician (citing medical records filed with the Bureau); and,
- Mr. Li failed to produce any expert medical proof establishing a causal connection between his employment and the alleged hernia.

To successfully counter these undisputed facts, Mr. Li must "demonstrate the existence of specific facts in the record which could lead a rational trier of fact to find in [his] favor[.]" *Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 265 (Tenn. 2015). In so doing, he must do more than simply offer hypothetical evidence; he must produce evidence at this summary judgment stage of the case that is sufficient to establish the essential elements of his workers' compensation claim. *Id.* at 265. This Court must review any evidence submitted in the light most favorable to Mr. Li and draw all reasonable inferences in his favor. *Payne,* at *12, *citing Martin v. Norfolk S. Ry Co.,* 271 S.W.3d 76, 84 (Tenn. 2008).

Mr. Li neither produced any specific facts to establish the statutory requirements for a compensable hernia nor any specific facts to demonstrate his hernia injury arose primarily out of and in the course and scope of his employment at HTI. Thus, based upon the undisputed facts alleged by HTI, the Court finds summary judgment appropriate.

Accordingly, the Court grants HTI's Motion for Summary Judgment and dismisses Mr. Li's claim with prejudice. The Court taxes the filing fee of $150.00 to HTI pursuant to Tennessee Compilation Rules and Regulations Rule 0800-02-21-.07, to be paid within five days of the entry of this Order. In addition, HTI shall prepare and submit

4

an SD-1 form within ten days of the date of this order.

**IT IS SO ORDERED.**

**ENTERED this the 20th day of January, 2017.**

_____
**Judge Allen Phillips**
**Court of Workers' Compensation Claims**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this Order was sent to the following recipients by the following methods of service on this the 20th day of January, 2017.

| Name | Certified Mail | First Class Mail | Via Email | Service sent to: |
|------|------|------|------|------|
| Yongan Li, Self-Represented Employee | X | X | | 4780 Thornberry Cove Southaven, MS   38672 |
| Lee Anne Murray, Esq., Mary Head, Esq., Employer's Counsel | | | X | leeamurray@feeneymurray.com maryhead@feeneymurray.com erica@feeneymurray.com |

_____
**Penny Shrum, Clerk of Court**
**Court of Workers' Compensation Claims**

5